**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 24-132-DLB-CJS**

**ERIC C. DETERS**                                                                        **PLAINTIFF**

**v.**                           **MEMORANDUM OPINION AND ORDER**

**META PLATFORMS, INC., et al**                                     **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon Defendant Meta Platforms, Inc. and Meta Payments Inc. (collectively "Meta")'s Motion to Dismiss. (Doc. # 6). Plaintiff Eric Deters ("Deters") filed his Response (Doc. # 7), Meta filed its Reply (Doc. # 8), and the Motion is now ripe for review. For the reasons that follow, Meta's Motion to Dismiss is **granted.**

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Deters, proceeding *pro se*, is a self-described "business owner, influencer, motivational speaker, advocate, consumer advocate, gubernatorial candidate . . . and now Congressional candidate . . . ." (Doc. # 1-1 at 2). Deters is domiciled in Kenton County, Kentucky. (*Id.* ¶ 2). Meta is a social media company that owns and operates platforms like Facebook. Meta Platforms, Inc. is a Delaware corporation with its principal place of business in California. (Doc. # 1 ¶ 5). Meta Payments, Inc. is a Florida corporation with its principal place of business in California. (*Id.*). This case arises out of an ongoing dispute between Deters and Meta over Meta's Facebook content moderation policies. (*See id.*).

The conflict between Deters and Meta started in 2021 when Deters filed suit against Meta in Kenton County Circuit Court asserting claims for detrimental reliance, negligence, gross negligence, fraud, violations of the Kentucky Consumer Protection Act, and claims for declaratory and injunctive relief. *Deters v. Facebook, Inc.*, No. 2:21-cv-00124-DLB-EBA, 2022 WL 1215630 at *1 (E.D. Ky. Apr. 25, 2022).[1] Among other things, Deters alleged that Meta was "manipulating data and using algorithms to fraudulently induce Facebook users to continue to utilize its services, as well as invest income to boost posts[,]" and that Facebook was engaging in "unlawful censorship activities." *Id*. Deters further alleged that "Facebook attempts to suppress speech on its platform that 'go[es] against establishment narratives' and specifically targets conservatives and Trump supporters." *Id.* In that action Meta removed to this Court and then moved to dismiss for lack of personal jurisdiction. *Id.* This Court granted Meta's motion to dismiss on April 25, 2022, dismissing all of Deters' claims without prejudice. *Id.*; *Deters v. Facebook Inc.*, No. 2:21-cv-00124-DLB-EBA, at Doc. # 22.

On July 22, 2024, Deters filed the instant action in Kenton County Circuit Court. (*See* Doc. # 1-1). In this Complaint, Deters makes virtually identical factual allegations to the 2021 complaint. (*Compare id.* at 1 *with Deters*, 2022 WL 1215630, at *1). Deters asserts claims for detrimental reliance, negligence, gross negligence, fraud, violations of the Kentucky Consumer Protection Act, and claims for declaratory and injunctive relief. (*See id.* ¶¶ 28-87). These are the exact same causes of action asserted in the 2021 complaint. (*Compare id.* ¶¶ 28-87 *with Deters*, 2022 WL 1215630, at *1). Deters asserts

---

[1]  Although the 2021 suit was a lawsuit against "Facebook, Inc." and "Facebook Payments, Inc." it is common knowledge that Facebook recently rebranded itself as Meta. *Deters*, 2022 WL 1215630 at *1. The instant action is against the same parties as the 2021 action.

2

that Meta is "manipulating data and using algorithms to fraudulently induce [Deters] to continue to utilize its services, as well as, to invest income to boost posts." (*Id.* at 2). Deters further alleges that Meta engages in "unlawful censorship activities" and "[r]estricts, disables and removes [Deters] because he goes against establishment narratives." (*Id.* ¶ 7). Deters contends that this case is about Meta "encouraging [Deters] to 'boost,'" by paying Meta money after "Meta encourages [him] to build followers," and then Meta "suppresses the page [Deters] tr[ies] to build." (Doc. # 7 at 1).

On August 26, 2024, Meta removed this action to this Court on the basis of diversity jurisdiction. (*See* Doc. # 1). One week later, Meta moved to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim. (*See* Doc. # 6).

**II.   ANALYSIS**

   **A.   Standard of Review**

When a defendant brings a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to establish that the court has personal jurisdiction over each defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). If the court has not conducted an evidentiary hearing, then the plaintiff's burden is "relatively slight," and the plaintiff must only make a prima facie showing of personal jurisdiction. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008); *see also Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The plaintiff "can meet this burden by 'establishing with reasonable particularity sufficient contacts between [Meta] and the forum state to support jurisdiction.'" *Neogen*, 282 F.3d at 887 (quoting *Provident Nat'l Bank v. California Fed.*

3

*Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987)).  The court views the pleadings, affidavits, and additional evidence in the light most favorable to the plaintiff and "does not weigh the controverting assertions of the party seeking dismissal." *Theunissen*, 935 F.2d at 1459.

If the defendant, however, submits "a properly supported motion for dismissal, [then] the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen*, 935 F.2d at 1458; *see also Parker v. Winwood*, 938 F.3d 833, 839-40 (6th Cir. 2019); *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012); *Carrier Corp. v. Outokumpu Oyi*, 673 F.3d 430, 449 (6th Cir. 2012).  In the face of "affirmative evidence showing that the court lack[s] jurisdiction," the plaintiff's "mere allegations of jurisdiction are not enough." *Parker*, 938 F.2d at 839-40.  If the plaintiff fails to put forth specific facts in opposition to a properly-supported motion to dismiss for lack of personal jurisdiction, then the court will "find personal jurisdiction lacking unless there are sufficient allegations in the complaint to establish personal jurisdiction which *stand unrefuted* by the sworn evidence provided" by the defendant. *Babcock Power, Inc. v. Sterling Grp., LP.*, No. 3:16-cv-789-CRS, 2017 WL 3161624, at *2 (W.D. Ky. July 25, 2017) (emphasis added).

A federal court sitting in diversity must look to the law of the forum state to determine the reach of the district court's personal jurisdiction over parties, subject to constitutional due process requirements.  *Air Prods. & Controls, Inc. v. Safetech, Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007).  Kentucky requires that personal jurisdiction be proper under both the Kentucky long-arm statute and the federal Due Process Clause. *See id.*  "The Kentucky Supreme Court has held that the state's long-arm statute (Ky.

4

Rev. Stat. § 454.210) does not reach the outer limits of the Due Process Clause." *Hall v. Rag- O-Rama, LLC*, 359 F. Supp. 3d 499, 505 (E.D. Ky. Jan. 8, 2019) (citing *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011)).

Therefore, analysis of personal jurisdiction under Kentucky law is a "two-step process." *Newberry v. Silverman*, 789 F.3d 636, 641 (6th Cir. 2015) (citing *Caesars Riverboat Casino*, 336 S.W.3d at 57). "First, a court must look to see if the cause of action arises from the type of conduct or activity that is enumerated in the [Kentucky long-arm] statute itself." *Id.* If there is jurisdiction under the long-arm statute, "then the court must assess whether 'exercising personal jurisdiction over the non-resident defendant offends his federal due process rights.'" *Id.*

### B.  Personal Jurisdiction

In its Motion, Meta first argues that Deters is precluded from relitigating the issue of personal jurisdiction because that issue has already been litigated and decided by this Court. (Doc. # 6 at 9 citing *Deters*, 2022 WL 1215630). Deters' Response to this argument was terse. (Doc. # 7 at 1). It consisted of two sentences which said: "I pled the jurisdictional issue as guided by the Court's last [o]rder. There was nothing to prohibit my refiling." (*Id.*).

In successive diversity actions, the law of the state in which the federal diversity court sits shall apply. *Prod. Sols. Int'l, Inc. v. Aldez Containers, LLC*, 46 F.4th 454, 457-58 (6th Cir. 2022) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001)). This rule applies to res judicata principles. *Id. see also In re E. I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, 54 F.4th 912, 921 (6th Cir. 2022) (quoting *Prod. Sols. Int'l, Inc.*, 46 F.4th at 457-58) ("In successive federal diversity actions, we apply

5

state law to determine whether a prior decision has preclusive effect, so long as the state rule is not 'incompatible with federal interests.'"); *Massey v. Specialized Loan Servicing, LLC*, No. 23-5860, 2024 WL 4471678 at *3-4 (6th Cir. Sept. 9, 2024) (applying Kentucky principles of claim preclusion to a diversity action).

Kentucky law is compatible with federal interests, therefore Kentucky law will guide this Court's preclusion analysis. *Heartland Materials, Inc. v. Warran Paving, Inc.*, 819 F. App'x 323, 327 (6th Cir. 2020). "The rule of res judicata is an affirmative defense which operates to bar repetitious suits involving the same cause of action." *Yeoman v. Comm., Health Policy Bd.*, 983 S.W.2d 459, 464 (Ky. 1998). "The doctrine of res judicata is formed by two subparts: (1) claim preclusion and (2) issue preclusion." *Id.* at 464-65. In its Motion, Meta argues that principles of both claim preclusion and issue preclusion bar Deters from relitigating personal jurisdiction. (Doc. # 6 at 10-11). Because the doctrine of issue preclusion is dispositive, this Court will not take up Meta's argument regarding claim preclusion.

"It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." *Fletcher ex rel. Victory Baptist Church v. City of Paducah ex rel. Paducah Power Sys.*, 911 F.2d 732, 1990 WL 122885 at *2 (6th Cir. Aug. 23, 1990) (unpublished table decision) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 872 n.9 (1982)); *see also Redner v. Estate of Evert*, No. 2016-CA-000379-MR, 2017 WL 3129211 at *2-3 (Ky. Ct. App. July 21, 2017) (a Kentucky court had personal jurisdiction over a defendant because res judicata principles barred the defendant from relitigating service).

6

There are five prerequisites for issue preclusion to apply:

(1) at least one party to be bound in the second case must have been a party in the first case; (2) 'the issue in the second case must be the same as the issue in the first case'; (3) 'the issue must have been actually litigated'; (4) 'the issue was actually decided in that action'; and (5) 'the decision on the issue in the prior action must have been necessary to the court's judgment' and adverse to the party to be bound.

*Miller v. Admin. Office of Courts*, 361 S.W.3d 867, 872 (Ky. 2011) (quoting *Yeoman*, 983 S.W.2d at 464-65; *see also Heartland Materials, Inc.*, 819 F. App'x. at 327 (applying Kentucky law to the court's issue preclusion analysis).

Here, the first element is met, as the three parties to this action (Deters, Meta Platforms, Inc., and Meta Payments, Inc.) are the same as in the 2021 action. *Deters*, 2022 WL 1215630 at *1. The issue currently before the Court in Defendants' motion is whether this Court may exercise personal jurisdiction over Meta, which is the same issue as was before this Court in 2021. *Id.* at *2. This issue was actually litigated. The record from 2021 reflects that both parties submitted briefs to this Court on whether personal jurisdiction could be exercised. *Id.* at *2-3. This Court considered Mr. Deters' arguments and ultimately concluded that it could not exercise personal jurisdiction over Facebook. *Id.* at *3. This Court "actually decided" that it did not have personal jurisdiction over Facebook and that decision was necessary to this Court's judgment dismissing Deters' complaint. *Miller*, 361 S.W.3d at 872; *Deters*, 2022 WL 1215630 at *3.

In his Response, Deters stated that "[t]here was nothing to prohibit [his] refiling." (Doc. # 7 at 1).[2] The Court recognizes that this statement is true to the extent that Deters

---

[2] Deters' Response is entirely devoid of substance or developed argument. Because Deters chose not to respond to Meta's preclusion arguments, any possible arguments for why res judicata principles should not apply, including the effect of the 2024 amendments to the Kentucky long-arm statute, are deemed waived.

7

was not prohibited from refiling in a court that can exercise personal jurisdiction over Meta. However, Deters cannot simply refile in this Court, allege conduct that occurred after 2022, and expect a different ruling on personal jurisdiction. Deters has already had a "full and fair opportunity to present his case" to this Court, he lost in 2021, and the issue is now settled. *Kentucky Bar Ass'n v. Greene*, 386 S.W.3d 717, 724 (Ky. 2012) (citing *Miller*, 386 S.W.3d at 724). Therefore, Meta's Motion to Dismiss is **granted**.

### III. CONCLUSION

Accordingly, as Deters has not adequately demonstrated that the Court has personal jurisdiction over Meta, and for the reasons set forth herein, **IT IS ORDERED** that:

(1)  Meta's Motion to Dismiss for lack of personal jurisdiction (Doc. # 6) is **GRANTED**;

(2)  Meta's Motion to Dismiss for failure to state a claim (Doc. # 6) is **DENIED** as moot**;**

(3)  Meta's Motion to Transfer is **DENIED** as moot;

(4)  This matter is **STRICKEN** from the Court's active docket; and

(5)  A Judgment in favor Meta will be entered contemporaneously herewith.

This 20th day of November 2024.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2024\24-132 MOO Re MTD.Docx